D. E. Richardson and J. Ruth Richardson v. Commissioner.
Richardson v. Commissioner
Docket No. 1210-68.
United States Tax Court
T.C. Memo 1969-121; 1969 Tax Ct. Memo LEXIS 174; 28 T.C.M. (CCH) 632; T.C.M. (RIA) 69121; June 17, 1969, Filed *174 Edward G. Lavery, for the respondent. FAY
Memorandum Findings of Fact and Opinion FAY, Judge: Respondent determined a deficiency of $707.08 in petitioners' income tax for the taxable year 1965. The issue is whether petitioners are entitled to a business loss deduction of $4,200. Findings of Fact D. E. Richardson and J. Ruth Richardson are husband and wife. They filed a Federal joint income tax return for the taxable year 1965 with the district director of internal revenue, St. Louis, Missouri. They were legal residents of Kansas City, Missouri. when they filed the petition in this case. Because J. Ruth Richardson is a party to the case only by virtue of filing a joint return with her husband, the latter is hereinafter referred to as petitioner. At least as early as 1964, petitioner was in the business of selling antiques and used 633 furniture. Sometime early in 1965, there was a fire in the building in which he was then operating his business. The fire either destroyed or damaged much of his inventory. Subsequent to the fire, he sold various items of this merchandise piecemeal. Thereafter he sold the remaining inventory in a block sale. In his Federal *175 income tax return for the taxable year 1965, petitioner deducted $4,200 as a business loss due to the fire. In his statutory notice of deficiency for the taxable year 1965, respondent disallowed the claimed deduction. Opinion The sole question is whether petitioner substantiated the amount and year of his claimed loss. It is elementary that respondent's determination in his statutory notice is prima facie correct. The Court pointed out at the end of the trial that there was no evidence at all in the record to overcome the presumptive correctness of respondent's determination. We reach the same conclusion after reexamining the record. We therefore hold for respondent. Decision will be entered for the respondent.